UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HARRY J. WHITMAN,<br>    Petitioner,<br>    v.<br>JAMES KEYS, Superintendent Airway Heights Correction Center,<br>    Respondent. | No. 2:19-cr-00198-SAB<br><br>**ORDER DISMISSING**<br><br>**28 U.S.C. § 2241 PETITION** |

Pending before the Court is Harry J. Whitman's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1. Mr. Whitman is an inmate at the Airway Heights Corrections Center. He is serving a sentence that was imposed in the District Court for the Southern District of Texas.[1] He is challenging the portion of his sentence that was imposed pursuant to 18 U.S.C. § 924(a).[2][3]

---

[1] Mr. Whitman was charged with nine counts in the Superseding Indictment: (1) Conspiracy to commit bank robbery and to use or carry a firearm during a crime of violence; (2),(6) Armed bank robbery; (3),(7) Use of a firearm during a crime of violence, robbery; (4), (8) Possession of a firearm, having three previous convictions for violent felony (5),(9) Possession of a sawed off shotgun. Counts 1-5 relate to a bank robbery on or about February 26, 1996; Counts 6-9 relate to a bank robbery on or about March 7, 1996.

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION** ~ 1

In his Petition, Mr. Whitman argues he received an improper ACCA sentence enhancement, which renders him actually innocent of being an Armed Career Offender. ECF No. 1. He asserts he never had an unobstructed procedural shot at presenting his challenge since the enhanced sentence exceeding the statutory maximum for the crime was fundamentally defective, and the evidence that formed the legal basis for his challenge did not become available until he had exhausted his direct appeal and his § 2255 motion was denied. *Id.* He states counsel was unable to locate the Illinois Appellate Courts decision vacating his two prior armed robbery convictions that were used as predicate convictions to support an ACCA finding and enhanced sentence pursuant to 18 U.S.C. § 924(a), and he was only able to acquire it during the course of applying for clemency in 2016. *Id.* He asserts he is entitled to relief under § 2255's savings clause because the Illinois Appellate Court's decision constitutes new evidence that clearly

---

[2] On November 8, 1999, Mr. Whitman was sentenced as follows: Count 1 – 60 months; Counts 2, 4, 6 and 8 – 264 months; Counts 5 & 9–120 months, to be served concurrently with Counts 2, 4, 6, and 8; Count 3–120 months, to be served consecutively with Counts 1, 2, 4-8; and Count 7–240 months, to be served consecutively with Counts 3, 1-6, 8 and 9.

[3] As part of the criminal proceeding, the United States filed a Notice of Intent to Seek Enhanced Sentencing under 18 U.S.C. § 924(e). it identified seven prior offenses from the state of Illinois that met the definitions of violent felony: (1) Jan. 14, 1978 Cook County conviction for Armed Robbery; (2) Jan. 13, 1978 Cook County conviction for Armed Robbery; (3) Jan. 20, 1978 Cook County conviction for Armed Robbery; (4) October 23, 1981 Cook County conviction for Armed Robbery; (5) October 23, 1981 Cook County conviction for Armed Robbery; (6) December 4, 1981 Cook County conviction for Armed Robbery; and (7) December 4, 1981 Cook County conviction for Armed Robbery. ECF No. 1-1, Ex. B.

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION** ~ 2

demonstrates he is actually innocent of the ACCA sentencing enhancement because the vacated convictions do not trigger the ACCA enhancement. *Id*. He maintains that based on this new evidence his enhanced 264-month sentence is illegal "as it exceeds the statutory maximum under the U.S.S.G. for 18 U.S.C. § 2113 and 922(g)." *Id.*

The United States argues Mr. Whitman is not factually innocent and cannot show he was denied an unobstructed procedural shot at presenting his claim. As such, he does not fall within the "escape hatch" of 28 U.S.C. § 2255. The United States asks the Court to dismiss his Petition.

## Legal Standard

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because Congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas a petition under § 2255 must be heard by the sentencing court. *Id*. at 865.

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)).

There is an exception to this general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. (internal quotation marks omitted). A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id*. at 898.

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION** ~ 3

(internal quotation marks omitted). If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of the sentence through a § 2241 petition in the custodial court. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, the court asks whether the petitioner's claim did not become available until after a federal court decision. *Id.* at 960. In other words, courts should consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Id.* Notably, this standard does not mandate that the legal basis be a "new rule" or that it be one of "constitutional law," as is required for second or successive 2255 motions pursuant to 28 U.S.C. § 2255(h)(2). *Id.* Thus, the escape hatch standard is in this respect lower than the standard for successive motions. *Id.*

## Analysis

In its response, the United States cites to a Ninth Circuit case that is seemingly on point. *See Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012). In that case, the petitioner argued he was "actually innocent" of being a career offender under the Sentencing Guidelines because two of his prior convictions were now considered "related" and therefore he would not qualify as a career offender. *Id.* In rejecting his arguments, the Ninth Circuit held:

> Whatever the merits of Petitioner's argument that he would not qualify as a career offender were he to be sentenced under the post–2007 Guidelines, his claim is not one of actual innocence. In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998). '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604.

*Id.*

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION** ~ 4

The Circuit concluded the petitioner's claim that he was incorrectly treated as a career offender was a purely legal claim that had nothing to do with factual innocence; and therefore was not a cognizable claim of "actual innocence" for the purposes of qualifying to being a § 2241 petition under the escape hatch. *Id.* While Mr. Whitman agrees the Ninth Circuit generally will not entertain, through the escape hatch, claims that a noncapital sentencing enhancement was improperly applied, he asks that this Court invoke an exception to this rule because he received a sentence for which he was statutorily ineligible.

The Court declines to do so. Rather, Mr. Whitman's Petition should be dismissed because he cannot meet the second prong to qualify for the "escape hatch." Although Mr. Whitman maintains that he only obtained the 1984 Illinois Court of Appeals decision vacating his convictions in 2016, a simple search on Westlaw indicates that the opinion was published in West's North Eastern Reporter and was available in 1984. *See People v. Martin*, 121 Ill. App. 3d 196, 459 N.E. 2d 279 (Ill. App. 1984).[4][5][6] Thus, it is not newly

---

[4] Mr. Whitman was previously known as Harry Martin.

[5] In *Martin*, Mr. Whitman argued that since he was convicted of two counts of armed robbery and two counts of armed violence, and all counts arose from the same single act committed during the robbery, only one count of armed violence can stand and the other three counts must be vacated. *Id.* at 292. The Illinois Court of Appeals agreed that the two counts of armed robbery and the two counts of armed violence can result in only one conviction and sentence. *Id.* It noted that since armed robbery and armed violence are both Class X felonies and of equal seriousness, the conviction and sentence could stand on either offense. *Id.* It concluded that while some courts considered the armed robbery more specific and the more serious offense, it accepted the choice of the State and Mr. Whitman who agreed that the armed violence conviction should stand. *Id.* The Illinois Court of

discoverable evidence. Mr. Whitman's claim that his counsel and attorney for the Government was not able to locate this case in 1999 is not well taken. Because Mr. Whitman cannot show that his claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion,' he is not entitled to relief under § 2241. The Court does not have jurisdiction over Mr. Whitman's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

//
//
//
//
//
//
//
//
//
//
//
//

---

Appeals reversed the judgments of convictions and sentences for armed robbery in count 1 and 2, for armed violence in count 3, and for unlawful use of weapons in count 6, but affirmed the judgments of conviction and sentences for armed violence in count 4 and for unlawful use of weapons in count 7. *Id.* at 215-16.

[6] Federal Rule of Evidence 201 allows a court to take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION** ~ 6

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Whitman's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **DISMISSED**.

2. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

3. The Court certifies that an appeal of this Order will not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel and to the United States Attorney's Office for the Eastern District of Washington.

**DATED** this 23rd day of March 2020.



Stanley A. Bastian
United States District Judge